**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**(Wheeling Division)**

| | |
|---|---|
| **Dominique Heard,** <br> **Amanda Luzader,** <br> **Kenneth Miklich,** <br> *for themselves and on behalf of similarly* <br> *situated employees*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **West Virginia United Health System, Inc.,** <br> **West Virginia University Hospitals, Inc.,** <br> **Community Health Association, d/b/a** <br> **Jackson General Hospital, United Hospital** <br> **Center, Inc., The Charles Town General** <br> **Hospital Corp. d/b/a Jefferson Memorial** <br> **Hospital, Inc., Camden Clark Memorial** <br> **Hospital, Inc., City Hospital, Inc.,** <br> **Potomac Valley Hospital, Inc., Grant** <br> **Memorial Hospital, Inc., Reynolds** <br> **Memorial Hospital, Inc., The West Virginia,** <br> **Health Care Cooperative, Inc., Braxton** <br> **County Memorial Hospital, Inc.,** <br> **St. Joseph's Hospital of Buckhannon, Inc.,** <br> **Wetzel County Hospital, Inc., Wheeling** <br> **Hospital, Inc.; WVUHS Home Care, LLC,** <br> **West Virginia University Hospitals** <br> **East, Inc.; Camden-Clark Health Services,** <br> **Inc., United Summit Center, Inc., United** <br> **Physicians Care, Inc.; Camden-Clark** <br> **Physician Corp., Fayette Physician Network,** <br> **Inc., Thomas Health System, Inc., Princeton,** <br> **Community Hospital Assn., Inc., Barnesville** <br> **Hospital Association, Inc., Uniontown** <br> **Hospital, Inc., Harrison Community** <br> **Hospital, Inc., Wheeling Ambulatory** <br> **Surgery Center, LLC, Garrett County** <br> **Memorial Hospital, Inc., and Allied Health** <br> **Services, Inc.** <br><br> **Defendants.** | ELECTRONICALLY <br> FILED <br> 06/15/2023 <br> U.S. DISTRICT COURT <br> Northern District of WV <br><br><br> **Case No.** ___5:23-CV-230___ <br> **Honorable Judge** ___Bailey___ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL** <br> **DEMANDED** |

1

## COMPLAINT

Plaintiffs, by and through their counsel, respectfully submit their complaint against West Virginia United Health System, Inc. ("WVUHS"), West Virginia University Hospitals, Inc.; Community Health Association, d/b/a Jackson General Hospital; United Hospital Center, Inc.; The Charles Town General Hospital Corp. d/b/a Jefferson Memorial Hospital, Inc.; Camden Clark Memorial Hospital, Inc.; City Hospital, Inc.; Potomac Valley Hospital, Inc.; Grant Memorial Hospital, Inc.; Reynolds Memorial Hospital, Inc.; The West Virginia Health Care Cooperative, Inc.; Braxton County Memorial Hospital, Inc.; St. Joseph's Hospital of Buckhannon, Inc.; Wetzel County Hospital, Inc.; Wheeling Hospital, Inc.; WVUHS Home Care, LLC.; West Virginia University Hospitals East, Inc.; Camden-Clark Health Services, Inc.; United Summit Center, Inc.; United Physicians Care, Inc.; Camden-Clark Physician Corp.; Fayette Physician Network, Inc.; Thomas Health System, Inc.; Princeton Community Hospital Assn., Inc.; Barnesville Hospital Association, Inc.; Uniontown Hospital, Inc.; Harrison Community Hospital, Inc.; Wheeling Ambulatory Surgery Center, LLC; Garrett County Memorial Hospital, Inc.; and Allied Health Services, Inc. (collectively "Defendants"), and state as follows:

### Cause of Action

1.      Plaintiffs are current or former employees of WVUHS and/or its affiliates and bring this action on behalf of themselves and other employees similarly situated.

2.      Plaintiffs bring this action for a declaratory judgment, back pay, liquidated damages and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, W. Va. Code § 21-5C-8, and W. Va. Code § 55-13-1, to remedy the Defendants' willful and unlawful violations of federal and state law complained of herein.

2

## PARTIES

### Defendants

3.    Defendant WVUHS is a health system operating hospitals, clinics and associated facilities in West Virginia, Ohio, Pennsylvania and Maryland.

   a.  WVUHS is the parent corporation to an affiliated group of healthcare providing entities that includes each of the other Defendants named in this complaint.

   b.  WVUHS provides centralized legal, administrative, financial, marketing and human resources services to each affiliated healthcare providing entity, including the other Defendants named in this complaint.

   c.  WVUHS maintains system-wide policies that govern the conduct and compensation of all employees of the affiliated group of healthcare providing entities, including the other entities named as Defendants in this complaint. A selection of WVUHS policies germane to the subject of this complaint is appended hereto as Appendix A.

   d.  WVUHS controls each of the other entities named as Defendants in this complaint with respect to the overtime pay policies at issue.

   e.  WVUHS controls recruitment and hiring for all positions held by Plaintiffs and similarly situated employees working for each of the Defendants in this complaint.

   f.  WVUHS recruits and solicits applications from new employees by explaining to them that "The West Virginia University Health System, the state's largest health system and largest private employer, operating hospitals throughout the state and bordering states. In addition, it includes five institutes, as well as providing management services for other local hospitals through affiliate agreements.

3

Whether you are caring for our patients at one of the critical access hospitals, community sites, regional or academic medical centers, we are all one WVU Health System."

g.  WVUHS maintains a system-wide clinical advancement program to enhance professional development, provide a reward system for quality clinical performance, promote quality nursing, and improve job satisfaction for inpatient direct-care nurses employed by each of the other entities named as Defendants in this complaint.

h.  WVUHS possesses and exercises the authority to transfer employees, including Plaintiffs and similarly situated employees, from one of the affiliated groups of healthcare entities to another.

i.  WVUHS is party to an Organized Health Care Arrangement with each of the other Defendants named in this complaint, which governs each Defendant and each of Defendant's employees' use and disclosure of protected health information for their joint health care activities.

j.  WVUHS controls the administration of pay policies for employees of each Defendant, including policies involved in the overtime violations alleged in this complaint. For example, WVUHS "Sr. Leadership/Finance" and a WVUHS "System Compensation Team" control administration of the Critical Staffing Program described elsewhere in this Complaint.

4.    Defendant WVUHS is an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

4

5.      Defendant WVUHS is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). WVUHS's principal office and place of business is located at 1 Medical Center Drive, Morgantown, WV 26506.

6.      Defendant WVUHS is, for purposes of liability under the FLSA, a joint employer with each of its affiliated healthcare providing entities, including the other Defendants named in this Complaint. Defendants are jointly and severally liable to Plaintiffs under the FLSA and the WV Standards.

7.      Defendant WVUHS is, for purposes of liability under the FLSA, a single integrated enterprise with each of its affiliated healthcare providing entities, including the other Defendants named in this Complaint. Defendants are jointly and severally liable to Plaintiffs under the FLSA and the WV Standards.

8.      Defendant West Virginia University Hospitals, Inc. ("WVUH, Inc.") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

9.      Defendant WVUH, Inc. is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). WVUH, Inc.'s principal office and place of business is located at 1 Medical Center Drive, Morgantown, WV 26506.

10.     Defendant Community Health Association, d/b/a Jackson General Hospital ("CHA-Jackson") is an affiliate of WVUHS and a health care provider operating hospitals,

clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

11.     Defendant CHA-Jackson is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). CHA-Jackson's principal office and place of business is located at 122 Pinnell Street, Ripley, WV 25271.

12.     Defendant United Hospital Center, Inc. ("UHC, Inc.") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

13.     Defendant UHC, Inc. is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). UHC, Inc.'s principal office and place of business is located at 327 Medical Park Dr, Bridgeport, WV 26330.

14.     Defendant The Charles Town General Hospital Corp. d/b/a Jefferson Memorial Hospital, Inc. ("Jefferson") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

15.     Defendant Jefferson is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Jefferson's principal office and place of business is located 300 S. Preston St, Ranson, WV 25438.

16.    Defendant Camden Clark Memorial Hospital, Inc. ("Camden"), is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

17.    Defendant Camden is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Camden's principal office and place of business is located at 800 Garfield Ave, Parkersburg, WV 26101.

18.    Defendant City Hospital, Inc. ("City") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

19.    Defendant City is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). City's principal office and place of business is located at 2500 Hospital Drive, Martinsburg, WV 25401.

20.    Defendant Potomac Valley Hospital, Inc. ("Potomac") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

21.    Defendant Potomac is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Potomac's principal office and place of business is located at 100 Pin Oak Lane, Keyser, WV 26726.

22.    Defendant Grant Memorial Hospital, Inc. ("Grant") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

23.    Defendant Grant is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Grant's principal office and place of business is located at 117 Hospital Drive, Petersburg, WV 26847.

24.    Defendant Reynolds Memorial Hospital, Inc. ("Reynolds") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

25.    Defendant Reynolds is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Reynold's principal office and place of business is located at 800 Wheeling Ave, Glen Dale, WV 26038 which is located in Marshall County, West Virginia.

26.    Defendant The West Virginia Health Care Cooperative, Inc. ("Cooperative") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

27.    Defendant Cooperative is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-

1(e). Cooperative's principal office and place of business is located at 400 Fairview Heights Rd, Summersville, WV 26651.

28.     Defendant Braxton County Memorial Hospital, Inc. ("Braxton") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

29.     Defendant Braxton is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Braxton's principal office and place of business is located at 100 Hoylman Dr., Gassaway, WV, 26624.

30.     Defendant St. Joseph's Hospital of Buckhannon, Inc. ("St. Joseph's") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

31.     Defendant St. Joseph's is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). St. Joseph's principal office and place of business is located at 1 Amalia Dr., Buckhannon, WV, 26201.

32.     Defendant Wetzel County Hospital, Inc. ("Wetzel") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

33.     Defendant Wetzel is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Wetzel's principal office and place of business is located at 3 E Benjamin Dr., New Martinsville, WV 26155, which is located in Wetzel County, West Virginia.

34.     Defendant Wheeling Hospital, Inc. ("Wheeling") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

35.     Defendant Wheeling is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Wheeling's principal office and place of business is located at 1 Medical Park Rd, Wheeling, WV 26003, which is in Ohio County, West Virginia.

36.     Defendant WVUHS Home Care, LLC. ("Home Care") is an affiliate of WVUHS and a health care provider operating home health and hospice services in West Virginia and is an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

37.     Defendant Home Care is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Home Care's principal office and place of business is located at 2673 Davisson Run Rd., Clarksburg, WV.

38.     Defendant Allied Health Services, Inc. ("Allied Services") is an affiliate of WVUHS and a health care support services provider operating linen and other support services

in West Virginia and is an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

39.     Defendant Allied Services is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Allied Services' principal office and place of business is located at 2100 Rail St., Morgantown, WV 26501.

40.     Defendant West Virginia University Hospitals East, Inc. ("WVUH-East) is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

41.     Defendant WVUH-East is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). WVUH-East's principal office and place of business is located at 2500 Hospital Dr., 8th Floor, Martinsburg, WV 25401.

42.     Defendant Camden-Clark Health Services, Inc. ("Camden-Clark") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

43.     Defendant Camden-Clark is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Camden-Clark's principal office and place of business is located at 800 Garfield Ave., Parkersburg, WV 26101.

44.      Defendant United Summit Center, Inc. ("United Summit") is an affiliate of WVUHS and a health care provider operating behavioral health and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

45.      Defendant United Summit is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). United Summit's principal office and place of business is located at 1238 Suncrest Towne Center, Morgantown, WV 26505.

46.      Defendant United Physicians Care, Inc. ("United Physicians") is an affiliate of WVUHS and a health care provider operating health clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

47.      Defendant United Physicians is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). United Summit's principal office and place of business is located at 686 S. Pike Street A, Shinnston, WV 26431.

48.      Defendant Camden-Clark Physician Corp. ("Camden Physicians") is an affiliate of WVUHS and a health care provider operating health clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

49.      Defendant Camden Physicians is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code §

21-5C-1(e). Camden Physicians' principal office and place of business is located at 1601 Garfield Avenue, Parkersburg, WV 26101.

50.     Defendant Fayette Physician Network, Inc. ("Fayette Physicians") is an affiliate of WVUHS and a health care provider operating health clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

51.     Defendant Fayette Physicians is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Fayette Physicians' principal office and place of business is located at 1238 Suncrest Towne Centre, Morgantown, WV 26505.

52.     Defendant Thomas Health System, Inc. ("Thomas Health") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

53.     Defendant Thomas Health is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Thomas Health's principal office and place of business is located at 4605 MacCorkle Ave SW South Charleston, WV 25309.

54.     Defendant Princeton Community Hospital Assn., Inc. ("Princeton") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in West Virginia and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

55.     Defendant Princeton is an "employer" within the meaning of Section 3(d) of the FLSA and Section 1(e) of the WV Standards. 29 U.S.C. § 203(d) and W. Va. Code § 21-5C-1(e). Princeton's principal office and place of business is located at 118 12th St., Princeton WV 24740.

56.     Defendant Barnesville Hospital Association, Inc. ("Barnesville") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in Ohio and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

57.     Defendant Barnesville is an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d). Barnesville's principal office and place of business is located at 639 West Main Street, Barnesville, OH 43713.

58.     Defendant Uniontown Hospital, Inc. ("Uniontown") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in Pennsylvania and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

59.     Defendant Uniontown is an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d). Uniontown's principal office and place of business is located at 500 W Berkeley St, Uniontown, PA 15401.

60.     Defendant Harrison Community Hospital, Inc. ("Harrison") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in Ohio and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

61.     Defendant Harrison is an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d). Harrison's principal office and place of business is located at 951 E Market Street, Cadiz, OH 43907.

62.     Defendant Wheeling Ambulatory Surgery Center, LLC. ("Wheeling Ambulatory") is an affiliate of WVUHS and a health care provider operating surgical centers, clinics and assorted facilities in Ohio and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

63.     Defendant Wheeling Ambulatory is an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d). Wheeling Ambulatory's principal office and place of business is located at 68 State Route 7, Bridgeport, OH 43912.

64.     Defendant Garrett County Memorial Hospital, Inc. ("Garrett") is an affiliate of WVUHS and a health care provider operating hospitals, clinics and assorted facilities in Maryland and an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 USC § 203(s)(1).

65.     Defendant is an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d). Garrett's principal office and place of business is located at 251 North 4th Street Oakland, Maryland 21550.

## Plaintiffs and Similarly Situated Employees

66.     Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended hereto in Appendix B. These written consent forms set forth each Plaintiff's name and address. If an additional similarly situated employee wishes to become a party plaintiff, his or her consent will be filed with this Court.

67.     Each of the Plaintiffs in this action, and similarly situated employees, while employed by one or more Defendants has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(e)(1) and the West Virginia's Minimum Wage and Maximum Hour Standards ("WV Standards"), W. Va. Code § 21-5C-1(f).

68.     Each of the Plaintiffs and similarly situated employees is a non-exempt employee entitled under Section 7(a) of the FLSA and/or the WV Standards to overtime equal to time and one-half their regular rate of pay for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a) and W. Va. Code § 21-5C-3(a).

69.     Plaintiff Dominique Heard is and has at all times material to this action been employed by WVUH, Inc. and WVUHS as a housekeeping assistant at West Virginia University Hospital in Morgantown, West Virginia.

70.     Plaintiff Amanda Luzader is and has at all times material to this action been employed by WVUH, Inc. and WVUHS as a laboratory assistant at West Virginia University Hospital in Morgantown, West Virginia.

71.     Plaintiff Kenneth Miklich is and has at all times material to this action been employed by WVUH, Inc. and WVUHS as an Environmental Services Team Lead at West Virginia University Hospital in Morgantown, West Virginia.

## JURISDICTION AND VENUE

72.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1367, 29 U.S.C. § 216(b).

73.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

74.     At all times material herein, Plaintiffs and similarly situated employees have been employed by Defendants.

75.     Plaintiffs and similarly situated employees are provided, in addition to their hourly wage rate, certain other types of remuneration, including but not limited to: Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive Program.

76.     The regular rate is the hourly rate actually paid to an employee for the normal, non-overtime workweek for which he or she is employed and must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of payments excluded by Section 7(e)(1)-(8) of the FLSA, 29 U.S.C. § 207(e)(1-8). The West Virginia Standards provide similar exclusions at Section 3(b)(1-7). W. Va. Code § 21-5C-3(b)(1-7).

77.     In addition to the hourly rate paid to the employee, the regular rate used for the purpose of calculating the amount of overtime due and owing to Plaintiffs and similarly situated employees must also include all remuneration, including but not limited to: Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive Program, none of which are excludable from the regular rate by Section 7(e)(1-8) of the FLSA 29 U.S.C. § 207(e)(1-8) or Section 3(b)(1-7) of the WV Standards. W. Va. Code § 21-5C-3(b)(1-7).

78.     Defendants do not include all remuneration –including but not limited to: Longevity Pay; Pull Pay; Resource Pool Pay; Lump Sum Bonus Payments; Sterile Processing

17

Pay; Critical Staffing Extra Shift Bonuses; Retention Bonuses; Recruitment and Referral

Bonuses; Signing and Sign-on Bonuses; and payments made via the EVS/Nutrition Incentive

Program - in the regular rate used for the purpose of calculating the amount of overtime due and

owing to all Plaintiffs and similarly situated employees, including those covered non-exempt

employees entitled to overtime as provided by Section 207(a) of the FLSA and Section 3(a) of

the WV Standards.

### COUNT I – VIOLATION OF SECTION 207(a) of the FLSA

79.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through

78.

80.     Covered non-exempt Plaintiffs and similarly situated employees have worked in

excess of 40 hours in a workweek in the last three years.

81.     During the times that covered non-exempt Plaintiffs and similarly situated

employees have worked in excess of 40 hours in a workweek, each Defendant has failed to

provide covered non-exempt Plaintiffs and similarly situated employees in its employ with the

rights and protections provided under the FLSA, including overtime pay at the rate of one and

one-half times their regular rates of pay for all hours the covered non-exempt Plaintiffs and

similarly situated employees have worked in excess of the hourly standards set forth under 29

U.S.C. § 207(a).

82.     By failing to pay covered non-exempt Plaintiffs and other employees similarly

situated the overtime pay required under the law, each Defendant has violated and is continuing

to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith.

For example, each Defendant has failed to take reasonable steps to ensure all remuneration was

accounted for in its calculations of its employees' regular rate of pay. As a result, at all times material herein, the Plaintiffs and similarly situated employees have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

83.     As a result of the Defendants' willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to the covered non-exempt Plaintiffs and similarly situated employees an amount that has not yet been precisely determined. The employment and work records for the covered non-exempt Plaintiffs and similarly situated employees (including time and attendance records) are in the exclusive possession, custody and control of each Defendant and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the covered non-exempt Plaintiffs and other employees similarly situated from which the amount of each Defendant's liability can be ascertained.

84.     Pursuant to 29 U.S.C. § 216(b), the covered non-exempt Plaintiffs and similarly situated employees are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendants' failure to pay overtime compensation.

85.     Covered non-exempt Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

86.     Covered non-exempt Plaintiffs and similarly situated employees comprise a collective for purposes of a collective action under the FLSA Section 216(b), which collective is defined as all plaintiffs who have submitted consents in this case together with all covered and nonexempt current and former employees of defendants who in the last three years worked in

excess of forty (40) hours in a workweek and were denied overtime compensation at a rate of one-and-one-half times their regular rate of pay as required by the FLSA (hereafter "Proposed Collective").

87.    The Proposed Collective is readily ascertainable from payroll records maintained and kept by WVUHS and/or the other defendants.

88.    All members of the Proposed Collective are and were at all times material to this action subject to the same pay policies and processes maintained by WVUHS and/or the other defendants.

89.    All members of the Proposed Collective have in the last three years worked in excess of 40 hours in a workweek for one or more defendants and was denied the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth in the FLSA.

90.     Upon information and belief, the Proposed Collective consists of over 10,000 individuals, and therefore joinder of all members is impracticable.

91.    The party plaintiffs' claims of defendants' violation of the Fair Labor Standards Act are common to all members of the Proposed Collective and their resolution will involve common issues of law and fact. In addition, separate adjudications will create a risk of decisions that are inconsistent with other Proposed Collective members' claims.

92.    The undersigned attorneys are experienced in the litigation of wage and hour lawsuits and will fairly and adequately protect the interests of the Proposed Collective.

## COUNT II – VIOLATION OF SECTION 3(e) OF THE WV STANDARDS

93.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 92.

94.    During the times that covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the State of West Virginia have worked in excess of 40 hours in a workweek, each Defendant has failed to provide covered non-exempt Plaintiffs and similarly situated employees in its employ with the rights and protections provided under the WV Standards, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the covered non-exempt Plaintiffs and similarly situated employees have worked in excess of the hourly standards set forth under Section 3 of the West Virginia Standards. W. Va. Code § 21-5C-3(a).

95.    By failing to pay covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the State of West Virginia the overtime pay required under the law, each Defendant has violated and is continuing to violate the provisions of the WV Standards. As a result, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

96.    As a result of the Defendants' violations of the West Virginia Standards, there have become due and owing to the covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the State of West Virginia an amount that has not yet been precisely determined. The employment and work records for the covered non-exempt Plaintiffs (including time and attendance records) are in the exclusive possession, custody and control of the Defendants and the plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the West Virginia Standards, W. Va.

21

Code § 21-5C-5, and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the covered non-exempt Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

97.    Covered non-exempt Plaintiffs and similarly situated employees currently or formerly employed in the State of West Virginia comprise a class for purposes of FRCP 23, which class is defined as all plaintiffs who have submitted consents in this case together with all covered and nonexempt current and former employees of defendants who in the last three years worked in West Virginia in excess of forty (40) hours in a workweek and were denied overtime compensation at a rate of one-and-one-half times their regular rate of pay as required by the WV Standards (hereafter "Proposed Class").

98.    The Proposed Class is readily ascertainable from payroll records maintained and kept by WVUHS and/or the other defendants.

99.    All members of the Proposed Class are and were at all times material to this action subject to the same pay policies and processes maintained by WVUHS and/or the other defendants.

100.    All members of the Proposed Class have in the last three years worked in excess of 40 hours in a workweek for one or more defendants and was denied the rights and protections provided under the WV Standards, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth in the WV Standards.

101.    Upon information and belief, the Proposed Class consists of over 10,000 individuals, and therefore joinder of all members is impracticable.

102.    The party plaintiffs' claims of defendants' violation of the West Virginia Standards are common to all members of the Proposed Class and their resolution will involve common issues of law and fact. In addition, separate adjudications will create a risk of decisions that are inconsistent with other Proposed Class members' claims.

103.    The undersigned attorneys are experienced in the litigation of wage and hour lawsuits and will fairly and adequately protect the interests of the Proposed Class.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that each Defendant have willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs and similarly situated employees in its employ of his/her rights;

(b)  Order a complete and accurate accounting of all the compensation to which the Plaintiffs and similarly situated employees are entitled;

(c)  Award Plaintiffs and similarly situated employees compensatory relief in the form of liquidated damages equal to their unpaid compensation as provided for by the FLSA;

(d)  Award Plaintiffs and similarly situated employees interest on their unpaid compensation;

(e)  Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendants, and the costs

and disbursements of this action, as provided for by the FLSA; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ Samuel B. Petsonk

Arthur R. Traynor*                      Samuel B. Petsonk, W.V. Bar No. 12-418
Lauren McDermott*                       Petsonk PLLC
Mooney, Green, Saindon,                 235 High Street, Ste. 512
Murphy & Welch, P.C.                    Morgantown, WV 26505
1920 L Street, NW, Suite 400            (304) 712-9858
Washington, DC 20036                    sam@petsonk.com
(202) 783-0010
atraynor@mooneygreen.com
lmcdermott@mooneygreen.com
* Pro Hac Vice admission pending

Counsel for the Plaintiffs and Similarly Situated

24